United States District Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Daly City Serramonte Center, LLC, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil No. 4:24-cv-4542 |
| | § | |
| Regal Cinemas, Inc., | § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM OPINION AND ORDER**

This bankruptcy appeal arises from a commercial lease dispute between a property developer, Appellant Daly City Serramonte Center, LLC ("Landlord"), and a movie theater company, Appellee Regal Cinemas, Inc. ("Debtor"). The bankruptcy court denied Landlord's motion to revoke the confirmation order. This Court now AFFIRMS the bankruptcy court's denial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In late 2019, Landlord agreed to lease part of a shopping center in California to Debtor so that Debtor could build and run a movie theater. Doc. 17 at 18. The subsequent COVID pandemic, and the State of California's response, caused delays in Debtor's performance. *Id.* Dissatisfied with what it saw as Debtor's failure to perform, Landlord terminated the lease, Doc. 4-9 at 8–9, and sued Debtor in California Superior Court. *See id.* at 9–10.

While the California case was pending, Debtor and several affiliated companies filed for bankruptcy. *In re Lois Business Development Corp.*, No. 4:22-bk-90267 (Bankr.

S.D. Tex. 2022). Landlord's counsel in the California case knew about the bankruptcy, and the day after the filing, he asked Debtor's counsel if Debtor planned to file a notice of stay in the California case. Doc. 4-8 at 544.

Debtor sent notice of the bankruptcy to Landlord's California counsel, *id.* at 546–556 and then notified the California Superior Court of the automatic stay provided for under 11 U.S.C. § 362(a). *Id.* at 558–60; *see also Sikes v. Glob. Marine, Inc.*, 881 F.2d 176, 177 (5th Cir. 1989) (stating that the filing of a bankruptcy petition under Chapter 11 automatically stays actions brought against the debtor). The parties' contract also had a specific "Lease Notification Address," to which Debtor was required to send any legal notices. Doc. 7 at 12. Debtor, however, did not send this notice or any other notice to that address. *Id.* at 12–13.

The bankruptcy case continued. After Debtor informed Landlord about the deadline to file a claim and Landlord declined to do so, Doc. 4-8 at 593, 586, 590, Debtor proposed its reorganization plan. *Id.* at 686. In its proposed plan, Debtor noted that it intended to assume the lease and carry on with its performance thereunder. *Id.* at 652–57. Debtor further claimed a "zero-dollar cure," meaning it would not owe Landlord any money for any alleged breach of the lease. *Id.*; Doc. 18 at 25. Debtor sent Landlord a Notice of Assumption to Landlord's business address. Doc. 4-8 at 633–34, 638.

The bankruptcy court set a hearing to confirm the plan, *id.* at 672, 682, and Debtor mailed Landlord a hearing notice at Landlord's business address and via Landlord's

California counsel. *Id.* at 659, 674. When the bankruptcy court rescheduled the hearing, Debtor sent notice of the new date in the same manner. *Id.* at 682, 684.

At the hearing confirming the plan, Debtor assumed, without objection, the lease with a zero-dollar cure amount. *See* Doc. 4-1 at 324. The bankruptcy court confirmed Debtor's reorganization plan, including the assumption of the lease with the zero-dollar cure. Doc. 4-8 at 657 (Plan Supplement), 893 (Confirmation Order), 938 (Order incorporating Plan Supplement into Confirmation Order). Debtor mailed notice of the confirmation to Landlord at its business address. *Id.* at 1089, 1091.

On October 11, 2024, Landlord, after having failed to object to the proposed plan or to appeal the Order confirming the plan, moved the bankruptcy court to vacate the part of the Confirmation Order that allowed Debtor to assume the lease. Doc. 4-9 at 1–26. In its motion, Landlord made two arguments that are relevant here. First, Landlord argued that the bankruptcy court had no jurisdiction over the lease because the lease had terminated before the bankruptcy petition and was therefore not part of the bankruptcy estate. *Id.* at 15. Second, Landlord argued that enforcing the Confirmation Order against Landlord violated due process because it did not have notice of Debtor's intent to assume the lease with a zero-dollar cure. *Id.* at 23.

The bankruptcy court denied Landlord's motion to revoke. Doc. 4-1 at 316–27. On Landlord's first argument—the bankruptcy court's purported lack of jurisdiction—the court found that Landlord's motion was procedurally barred under 11 U.S.C. § 1144. Doc. 4-1 at 320–21. The court explained that under Section 1144, a bankruptcy court may only

revoke a confirmation order if it was procured by fraud and only when the motion to revoke is made within 180 days of the entry of the order. *Id.* Because Landlord did not allege fraud, and it made its motion over a year after the entry of the confirmation order, the bankruptcy court held that Landlord's claim was procedurally barred. *Id.* at 321.

As to Landlord's second argument, the bankruptcy court held that enforcement of the confirmation order against Landlord did not violate Landlord's due process rights because Landlord had actual notice of the bankruptcy and of Debtor's intent to assume the lease with a zero-dollar cure. *Id.* at 321–24.

## II. STANDARD OF REVIEW

The bankruptcy court's findings of fact are reviewed for clear error, while conclusions of law and mixed questions of fact and law are reviewed *de novo*. *In re Seven Seas Petroleum Inc.*, 522 F.3d 575, 583 (5th Cir. 2008). The court's evidentiary rulings are reviewed for abuse of discretion. *In re Repine*, 536 F.3d 512, 518 (5th Cir. 2008). A bankruptcy court abuses its discretion when it applies an improper legal standard or bases its decision on clearly erroneous findings of fact. *In re Crager*, 691 F.3d 671, 675 (5th Cir. 2012).

## III. ANALYSIS

On both the procedural bar and the due process arguments, the bankruptcy court applied the correct legal standards and did not clearly err in its factual findings. The Court addresses each argument in turn.

**A. 11 U.S.C. § 1144**

A party wishing to revoke a confirmation order in bankruptcy court must move to do so within 180 days of the order's issuance, and the order can be revoked "if and only if [it] was procured by fraud." 11 U.S.C. § 1144. The parties and the bankruptcy court seemingly agree that this rule was not satisfied here. *See* Docs. 7 at 53; 17 at 33; 4-1 at 292. Landlord's motion was both late and failed to allege fraud. Doc. 4-1 at 292. Nevertheless, Landlord argues that the bankruptcy court should have considered its motion because the motion challenged the bankruptcy court's jurisdiction. Doc. 7 at 36–39. Specifically, Landlord argued that because the lease had indeed terminated prior to Debtor's petition, the bankruptcy court lacked subject matter jurisdiction over the lease, and it should not have been included in the bankruptcy estate at all. *Id.* at 36–37. Landlord thus argues that the bankruptcy court should have revoked the part of its confirmation order relating to the lease, even though Landlord's motion to revoke did not comply with Section 1144. *Id.* at 39. The Court rejects this argument.

Subject matter jurisdiction may not be waived, and federal courts are "duty-bound to examine the basis of [it] at all stages in the proceedings and dismiss if jurisdiction is lacking." *Reule v. Jackson*, 114 F.4th 360, 365 (5th Cir. 2024) (cleaned up). Landlord is therefore correct that if the lease was terminated before Debtor filed for bankruptcy, the bankruptcy court did not have jurisdiction over it. That is because a trustee may not assume or assign an unexpired lease if "such lease is of nonresidential property and has been

terminated under applicable nonbankruptcy law prior to the order for relief." 11 U.S.C. § 365(c)(3).

But it does not follow that a party can challenge subject matter jurisdiction even after a final order or judgment has been entered. "[S]ubject matter jurisdiction may not be attacked collaterally." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455, n.9 (2004)) (cleaned up). A collateral attack is an attack that seeks to "in some fashion overrule a previous judgment." *Miller v. Meinhard-Com. Corp.*, 462 F.2d 358, 360 (5th Cir. 1972); s*ee also Wall v. Kholi*, 562 U.S. 545, 552 (2011) ("A collateral attack is an attack on a judgment in a proceeding other than a direct appeal" (quoting Black's Law Dictionary 298 (9th ed. 2009) (cleaned up))). Once federal courts "determine whether or not they have jurisdiction . . . and apply the statute under which they are asked to act . . . [t]heir determinations of such questions, while open to direct review, may not be assailed collaterally." *Travelers*, 557 U.S. at 152 (quoting *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940)); *see also Kontrick*, 540 U.S. at 455 & n.9 ("Even subject-matter jurisdiction . . . may not be attacked collaterally"); *cf. In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020) ("Collateral attacks on final judgments are generally impermissible because it is the policy of the law to give finality to the judgments of the courts." (cleaned up)).

Landlord's motion to revoke was a collateral attack on the Confirmation Order because it did not challenge it directly through the normal appeals process. *See Wall*, 562 U.S. at 552. By including the lease in its Confirmation Order, the bankruptcy court

determined that it had jurisdiction over the lease. *See id.* Landlord could have raised its jurisdictional challenge directly, either before the bankruptcy court issued the Confirmation Order, or by appealing that Order. Landlord did neither. Instead, Landlord sought to attack the bankruptcy court's judgment collaterally through an untimely motion to revoke the Confirmation Order for reasons other than that allowed by statute. The bankruptcy court correctly held that Landlord's challenge was barred by Section 1144.

**B. Due Process**

A bankruptcy court's confirmation order binds parties that had notice and an opportunity to be heard. *United Students Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276 (2010). To satisfy due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 272 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Even if a party is "deprived . . . of a right granted by a procedural rule," "actual notice . . . more than satisfie[s] [that party's] due process rights." *Id.*

Here, the bankruptcy court's finding of actual notice is not clearly erroneous. Debtor sent six bankruptcy notices to Landlord, both to its business address and to its California counsel, *see* Doc. 4-8 at 548, 590, 638, 666, 686, 1097, and Landlord's California counsel acknowledged the bankruptcy filing in an email to Debtor's counsel, *id.* at 544. This evidence more than suffices to support the bankruptcy court's finding of actual notice.

Landlord argues that these notices did not adequately state that Debtor intended to assume the lease with a zero-dollar cure amount. Doc. 7 at 43. But Debtor provided the bankruptcy court a generic version of the notice it mailed Creditor, along with an affidavit in which an employee of Debtor's claims agent swore that the notice was "customized" for each recipient, including with a description of the contract and the cure amount. Doc. 4-8 at 634. The bankruptcy court credited that evidence and found that Landlord was given notice of the assumption and zero-dollar cure. Doc. 4-1 at 321–22. The bankruptcy court's finding in this regard is not clearly erroneous.

In response to the same argument below, Debtor submitted an additional declaration attesting to notice of the zero-dollar cure in greater detail. Doc. 4-9 at 628–29, 663. This declaration further supports the bankruptcy court's finding of actual notice. Landlord contends that the bankruptcy court should not have relied on this declaration. Doc. 7 at 49–52. The Court disagrees. Landlord first argues that the declaration was not properly authenticated. *Id.* at 50–51; Doc. 18 at 16. This is incorrect as the declarant identified himself, established how he was familiar with the document, and signed the document under penalty of perjury. Doc. 4-9 at 628–30; *see* 28 U.S.C. § 1746 (statute providing for evidentiary consideration of declarations made under penalty of perjury); *see also* Fed. R. Evid. 902 advisory committee's note (2000) ("A declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement [for authentication] of Rule 902(11), as would any comparable certification under oath").

Second, Landlord argues that the bankruptcy court should not have considered the declaration because it was submitted in a responsive brief. Doc. 7 at 51–52. To be sure, a court "abuses its discretion when it considers new arguments raised for the first time in a reply brief without providing the non-movant an adequate opportunity to respond prior to a ruling." *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 296 (5th Cir. 2022) (citation and internal quotation marks omitted). The bankruptcy court, however, gave Landlord an adequate opportunity to respond—the thirteen days that passed between the filing of this declaration and the bankruptcy court's order. Thus, the bankruptcy court did not abuse its discretion in considering the declaration.

Landlord next argues that actual notice was not sufficient because it was not mailed to an officer, as required by Federal Rule of Bankruptcy Procedure 7004(b)(3). Doc. 7 at 34. But this notice was sufficient because "actual notice . . . more than satisfie[s] [a party's] due process rights," even if the party is "deprived . . . of a right granted by a procedural rule." *Espinosa*, 559 U.S. at 272; *see also Matter of Sam*, 894 F.2d 778, 782 (5th Cir. 1990) (holding that notice of a bankruptcy proceeding satisfied constitutional due process requirements despite lack of compliance with procedural notice rule); *Matter of Christopher*, 28 F.3d 512, 517–18 (5th Cir. 1994) (finding that creditor's constitutional due process rights were not violated because it had actual notice that the debtor was in bankruptcy, even though creditor did not receive notice of the date of the confirmation hearing).

Landlord also argues that, in addition to Rule 7004(b)(3), Fifth Circuit precedent required Debtor to serve notice on Landlord's officer and that the Bankruptcy Court erred in not following this precedent. *See* Doc. 7 at 39–49 (citing *In re National Gypsum Co.*, 208 F.3d 498 (5th Cir. 2000)). However, this argument fails because Landlord "forfeited its arguments regarding the validity of service or the adequacy of the Bankruptcy Court's procedures by failing to raise a timely objection in that court." *Espinosa*, 559 U.S. at 275; *see* Doc. 7 at 30–40. Even if the argument were not forfeited, the Court would hold that *Gypsum* was satisfied. *Gypsum* does not strictly require service according to Rule 7004 to satisfy due process; rather, it requires that Landlord had "actual notice" of the bankruptcy proceeding or that Debtor "demonstrate delivery of the proposed plan of reorganization or some other court-ordered notice that set forth [its] intent to assume the [lease] with a zero-dollar cure amount." *Nat'l Gypsum*, 208 F.3d at 513. Debtor demonstrated that it delivered to Landlord various notices from the Bankruptcy Court regarding the proceeding, including notices indicating its intent to assume the lease, thereby fulfilling the requirements of *Gypsum*. *See* Doc. 4-8 at 548, 590, 638, 666, 686, 1097.

## IV. CONCLUSION

For these reasons, the bankruptcy court's order denying Landlord's motion to revoke is AFFIRMED.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 28th of September, 2026.

Nicholas J. Ganjei
United States District Judge